```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY WELFARE FUND, THE
LOCAL 7 TILE INDUSTRY ANNUITY
FUND, AND THE TILE LAYERS
LOCAL UNION 52 PENSION FUND,           MEMORANDUM AND ORDER
et al.,                                Case No. 18-CV-1339 (FB) (LB)

                Plaintiffs,

       -against-

CAESAR MAX CONST. INC., et al.,

                Defendants.
------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On February 11, 2019, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion for Default Judgment be granted in part and denied in part. Specifically, the R&R recommended that "Plaintiffs should be granted a "declaratory judgment" that Caesar Max was bound by the CBA at all relevant times" and that "Caesar Max should be compelled to produce their books and records from January 1, 2014 through the present." R&R at 25. The R&R also provided that if defendants do not produce their books and records, "Plaintiffs should be granted leave to renew their motion for a default judgment." *Id.* Lastly, the R&R recommended that "Plaintiffs' request for damages, attorney's fees, costs and audit fees should be denied without

prejudice." *Id.*

The R&R advised that objections were due within fourteen days from service of the R&R. R&R at 26. The R&R was served on the defendants on February 11, 2019, making objections due by February 25, 2019. To date, no objections have been filed.

When no party has objected to a Magistrate Judge's report and recommendation, the Court may adopt it without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court may excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R in its entirety, and the Clerk shall enter judgment in accordance with the R&R.

**SO ORDERED**.

/s/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
March 12, 2019